UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. MOORE,<br><br>    Plaintiff,<br><br>  v.<br><br>BUTTE COUNTY, *et al.*,<br><br>    Defendants. | Case No. 2:22-cv-01517-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br> (1) FILE A FIRST AMENDED COMPLAINT; OR<br><br> (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>ECF No. 8 |

  Plaintiff Raymond E. Moore is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendants violated his Eighth Amendment rights by failing to provide him access to medical care for stomach pain that

1  culminated in a ruptured appendix.  The plaintiff fails to identify cognizable defendants.  I will
2  grant plaintiff leave to amend his complaint.  I will also grant plaintiff's application to proceed *in*
3  *forma pauperis* and deny his motion for appointment of counsel.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions will not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Discussion**

Plaintiff alleges that on August 13, 2020, he began having severe stomach pain and vomiting while detained at Butte County Jail.[1] ECF No. 1 at 8. He claims that his repeated requests for medical care and access to the on-call doctor were ignored by various unnamed correctional officers and medical staff. *Id.* at 8-10. Plaintiff alleges that after suffering nine days of pain during which time his requests for help were ignored, he was finally sent to an emergency room, where he was treated for a ruptured appendix and extended necrosis. *Id.* at 10. He was hospitalized for twelve days. *Id.* at 8.

Plaintiff's allegations are potentially sufficient to show that his medical care at the Butte County Jail was constitutionally inadequate. However, I cannot direct service until plaintiff properly identifies the defendants against whom he intends to proceed and explains how each was responsible for his inadequate care.

Butte County is not a proper defendant. A local government like Butte County can only be held liable under section 1983 if the civil rights violation complained of was a result of its official policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff does not allege that medical attention was denied him pursuant to any policy or custom of Butte County or that a policy or custom was the moving force behind the violation of his constitutional rights. *See Villegas v. Golroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Generally, a municipality is liable under *Monell* only if a municipal policy or custom was the 'moving force' behind the constitutional violation."). Instead, plaintiff merely alleges that Butte County's "operational procedures and training" resulted in violations of his rights, but he does not

---

[1] Plaintiff does not state whether he was a pretrial detainee during the events at issue. If he was, then his challenges to the conditions of his confinement are analyzed under the Fourteenth Amendment's Due Process Clause, instead of the Eighth Amendment. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) ("[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard.") (internal marks omitted). The result of the analysis herein remains the same in both circumstances.

3

explain how. ECF No. 1 at 10.  Such unadorned conclusions are insufficient to state a claim.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Iqbal*, 556 U.S. at 678.

As for the two remaining defendants—Butte County Sheriff Kory L. Honea and the Supervising Medical Officer or Organization in charge of Butte County Jail ("Supervisor")—plaintiff does not state a cognizable Eighth Amendment deliberate indifference claim against either.  Plaintiff claims that Sheriff Honea and the Supervisor should be held liable for acts or omissions undertaken in their supervisory roles.  A supervisory defendant, like the sheriff or unnamed Supervisor, cannot be held liable based solely on his or her position.  *Iqbal*, 556 U.S. at 683.  Instead, plaintiff must allege that the supervisory defendant participated in, directed, or knew of and failed to prevent a violation of his rights.  *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  He has failed to do so.

Plaintiff may amend his complaint to identify the individual or individuals who allegedly violated his constitutional rights, explain what each defendant did, and why those actions violated his constitutional rights.  *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint must be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff fails to amend his complaint within thirty days, I will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Plaintiff has also filed a motion for appointment of counsel. ECF No. 8.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298

(1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's request to appoint counsel, ECF No. 8, is denied without prejudice. The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days of the date of service of this order, plaintiff must either file an amended complaint or advise the court that he wishes stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Plaintiff's motion for appointment of counsel, ECF No. 8, is denied without prejudice.

4. Failure to comply with this order may result in the dismissal of this action.

5. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   December 1, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE