UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. MOORE, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>BUTTE COUNTY, *et al.*,<br><br>   Defendants. | Case No. 2:22-cv-01517-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL CONTAINED IN THE FIRST AMENDED COMPLAINT<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>   (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL OF CLAIMS OR PARTIES;<br><br>   (2) FILE ANOTHER AMENDED COMPLAINT<br><br>ECF No. 19<br><br>THIRTY-DAY DEADLINE |

   Plaintiff brings this section 1983 case against various defendants employed at the Butte County Jail. ECF No. 19. For the reasons stated below, the complaint cannot proceed as currently articulated. Additionally, I will deny plaintiff's request for appointment of counsel that is contained within his complaint.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's complaint is deficient because it does not explain how each of the six named defendants (and at least eight unnamed defendants) was personally responsible for violating his rights. For instance, the substance of plaintiff's complaint alleges that "the Correctional Officers

2

and Medical Staff at Butte, after being advised of [plaintiff's medical complaints] ignored safe medical protocol." ECF No. 19 at 9.  Plaintiff also alleges that correctional and medical staff "did not take obvious proper medical and safety precautions in dealing with petitioner's medical condition." *Id.*  The remainder of the complaint fails to distinguish between the alleged actions or inactions of the individual defendants.  Federal pleading standards are not high, but the complaint must put each defendant on notice as to the claims against him or her.[1] *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

Plaintiff may file an amended complaint that addresses this deficiency.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Additionally, I will deny plaintiff's request for appointment of counsel.  ECF No. 19 at 13-14.  Plaintiff does not have a constitutional right to appointed counsel in this action, see *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues

---

[1] The complaint references several defendants by name but fails to explain how they violated plaintiff's constitutional rights.  For instance, plaintiff alleges that on August 21, 2020, defendant Rayone gave him Acetaminophen. ECF No. 19 at 11.  Plaintiff does not link this act to the overall denial of care, however.

3

involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Further, plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's request to appoint counsel contained within the complaint is denied without prejudice.

I may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is ORDERED that:

1. Plaintiff's request for appointment of counsel is DENIED without prejudice.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will issue findings and recommendations that the complaint be dismissed for failure to state a cognizable claim.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 24, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4