UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. MOORE JR., | Case No. 2:22-cv-01517-JDP (PC) |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| BUTTE COUNTY, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against several employees of the Butte County Sheriff's Department for violations of his Fourteenth Amendment rights.[1]  He alleges that defendants Erwin, Sage, and Shoemaker failed to provide him with adequate medical care after he suffered a ruptured appendix.  ECF No. 24 at 3-5.  These allegations are viable and I will direct that plaintiff be sent service documents for these defendants.  I will also recommend, however,

---

[1] Plaintiff's claims, insofar as he appears to be a pre-trial detainee, proceed under the Fourteenth rather than the Eighth Amendment.  *See Gordon v. County of Orange,* 888 F.3d 1118, 1124-25 (9th Cir. 2018).

1

that plaintiff's claims against defendant Atkinson, the only other named defendant, be dismissed.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that, on August 13, 2020, he suffered a ruptured appendix and that defendants Erwin, Sage, and Shoemaker failed to provide him adequate medical care. ECF No. 24 at 3-5. These allegations are sufficient to state a viable Fourteenth Amendment claim against these three defendants. The other named defendant, Tanya Atkinson, receives no explicit mention in the substance of the complaint, however, and I will recommend that she be dismissed.

Accordingly, it is ORDERED that:

1. The Clerk of Court is directed to assign a district judge to this action.

2. This action shall proceed based only on plaintiff's Fourteenth Amendment failure to provide adequate medical care claims against defendants Erwin, Sage, and Shoemaker.

3. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the May 22, 2023 complaint, and 3 USM-285 form and instructions for service of process on defendants Erwin, Sage, and Shoemaker. Within 30 days of service of this order, plaintiff must return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and four copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

Further, it is RECOMMENDED that defendant Tanya Atkinson be dismissed due to plaintiff's failure to allege a cognizable claim against her.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's

order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 31, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. MOORE JR., | Case No. 2:22-cv-01517-JDP (PC) |
| Plaintiff, | NOTICE OF SUBMISSION OF DOCUMENTS |
| v. | |
| BUTTE COUNTY, *et al.*, | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff must submit:

    __1__    completed summons form

    __3__    completed forms USM-285

    __4__    copies of the May 22, 2023 complaint

_____

Plaintiff

Dated:

5