1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND E. MOORE, Jr.,                    Case No.  2:22-cv-01517-DJC-JDP (PC)

12              Plaintiff,                     **FINDINGS AND RECOMMENDATIONS**

13        v.                                   THAT DEFENDANT'S MOTION TO
                                               DISMISS BE DENIED
14   BUTTE COUNTY, *et al.*,
                                               ECF No. 35
15              Defendants.

16

17        Plaintiff was housed as a pretrial detainee at Butte County Jail when his appendix

18   ruptured.  For days leading up to the rupture, plaintiff repeatedly sought medical treatment, but

19   his requests went largely ignored by defendants.  Now, one of the guards, defendant Erwin,

20   moves for her dismissal from this action.  ECF No. 35.  For the reasons stated below, I

21   recommend that defendant's motion be denied.

22                                   **Background**

23        Plaintiff filed his initial complaint on August 29, 2022, ECF No. 1; his first amended

24   complaint on February 17, 2023, ECF No. 19; and his operative complaint on May 22, 2023, ECF

25   No. 24.  The complaint generally alleges that defendant Erwin, along with other defendants,

26   violated plaintiff's Fourteenth Amendment right to medical care.[1]  ECF No. 24 at 3.  According to

27   _____

28        [1] To date, the remaining defendants, Sage and Shoemaker, have not appeared.

                                           1

the complaint, on August 13, 2020, plaintiff asked defendant for medical treatment and to be seen by a doctor because he was in pain. *Id.* Instead of assisting plaintiff, defendant laughed at him. *Id.* During the time plaintiff was requesting medical attention, his appendix ruptured. Plaintiff was treated nine days later for his ruptured appendix and resulting complications, including gangrene. *Id.* at 3-5.

**Motion to Dismiss**

### A.    Legal Standards

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding motions under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). In certain circumstances, the court may also consider documents referenced in—but not included with—the complaint or that form the basis of plaintiff's claims. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

### B.    Discussion

Defendant asserts four main arguments for why she should be dismissed from this action. None are availing; thus, I recommend that defendant's motion be denied.

#### 1.  Statute of Limitations

Defendant posits that the statute of limitations has run on plaintiff's claim. ECF No. 35-1 at 5. Specifically, she argues that plaintiff was not taken to the hospital for his ruptured appendix

until August 21, 2020, and that his complaint, which was filed on August 29, 2022, was untimely because it was not filed within two years of August 21, 2020.  This argument fails.  While generally a two-year statute of limitations applies, California law extends the statute of limitations period by two years for inmates serving a sentence of less than life without the possibility of parole.  *See* Cal. Civ. Proc. Code § 352.1(a).  And as the Ninth Circuit instructs, California Civil Procedure Code section 352.1's tolling provisions apply equally to pretrial detainees and state prisoners.  *See Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994); *Mosteiro v. Simmons*, No. 22-16780, 2023 WL 5695998, at *4 (9th Cir. Sept. 5, 2023); <u>Gosztyla v. French</u>, No. 2:21-cv-01403-DJC-EFB (PC), 2024 WL 1908603, at *2 (E.D. Cal. May 1, 2024).  Plaintiff filed his complaint before the applicable statute of limitations expired.

### 2.  Legal Theory

Next, defendant argues that plaintiff's claim is impermissibly vague because he only alleges a Fourteenth Amendment violation without a specific legal theory.  ECF No. 35-1 at 5.  Again, this argument fails.  On the form complaint, plaintiff indicated that his Fourteenth Amendment rights were violated and checked the box for medical care.  ECF No. 24 at 4.  Despite defendant's argument that she is forced to guess at the nature of plaintiff's claim, it is sufficiently evident that plaintiff is alleging a Fourteenth Amendment violation of his medical care.

### 3.  Failure to State a Claim

Defendant argues that the allegations fail to state a claim for denial of medical care in violation of the Fourteenth Amendment.  ECF No. 35-1 at 6.

"[V]iolations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).  To state a cognizable claim, a plaintiff must set forth factual allegations identifying individual acts or omissions by each person related to his medical treatment or conditions of confinement which resulted in a constitutional violation.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and

1  responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

2  constitutional deprivation.").  The elements of a pretrial detainee's medical care claim are:

3
4  (i) the defendant made an intentional decision with respect to the
   conditions under which the plaintiff was confined; (ii) those

5  conditions put the plaintiff at substantial risk of suffering serious
   harm; (iii) the defendant did not take reasonable available

6  measures to abate that risk, even though a reasonable official in the
   circumstances would have appreciated the high degree of risk

7  involved—making the consequences of the defendant's conduct
   obvious; and (iv) by not taking such measures, the defendant

8  caused the plaintiff's injuries.

9  *Id.* at 1145.

10      Defendant argues that plaintiff failed to plead the first two elements: (1) that she made an

11  intentional decision about plaintiff's condition of confinement, and (2) that her decision put him

12  at a substantial risk of suffering serious harm.  ECF No. 35-1 at 6.  Defendant contends that the

13  complaint is devoid of facts demonstrating that plaintiff provided her with information about his

14  injury and then decided to not act.[2]  I disagree.  The complaint alleges that defendant laughed as

15  she denied plaintiff's repeated requests for medical treatment and did so while he was in

16  demonstrable pain.  ECF No. 24 at 3.  Such an allegation is sufficient at this stage of the

17  proceeding.

18      Next, defendant contends that plaintiff has not pled that she acted with deliberate

19  indifference to a substantial risk of serious harm.  ECF No. 35-1 at 7.  Defendant argues that

20  because plaintiff had his vitals taken by another defendant on an unspecified date, he was not

21  denied medical treatment.  Notwithstanding that allegation, the complaint alleges that plaintiff's

22  numerous requests to be seen by a doctor and to receive proper medical attention went

23  unanswered for days.  Finally, defendant argues that her lack of action did not cause plaintiff's

24  injury.  ECF No. 35-1 at 8-9.  However, plaintiff alleges that because he was denied treatment, his

25
   ----

26      [2] Defendant's argument that plaintiff had access to medical care because plaintiff alleged
   in a previous complaint that he had a medical call button in his cell and was seen by a nurse on at

27  least two occasions is unavailing.  An amended complaint supersedes the original, the original
   being treated thereafter as non-existent.  *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled*

28  *on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

1   condition worsened, resulting in an infection from his ruptured appendix.  At this stage, those

2   allegations are sufficient.

3           **4.  Qualified Immunity**

4          Defendant argues in a cursory fashion that she is entitled to qualified immunity because

5   plaintiff has not demonstrated that he had a clearly established right to receive immediate medical

6   attention due to reports of stomach pains.  ECF No. 35-1 at 10.

7          There are two prongs in the qualified-immunity inquiry: "(1) whether 'the facts alleged

8   show the official's conduct violated a constitutional right; and (2) if so, whether the right was

9   clearly established' as of the date of the involved events 'in light of the specific context of the

10   case.'"  *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) (internal quotation omitted).

11   The court must view the facts "in the light most favorable to the injured party."  *Chappell v.*

12   *Mandeville*, 706 F.3d 1052, 1058 (9th Cir. 2013) (citation omitted).

13          As explained above, the first prong of the qualified immunity analysis is met.  With

14   respect to the second prong, the Ninth Circuit has held that it is clearly established that a prison

15   official may not intentionally deny or delay access to medical care.  *See Clement v. Gomez*, 298

16   F.3d 898, 906 (9th Cir. 2002); *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1998) ("A

17   finding of deliberate indifference necessarily precludes a finding of qualified immunity; prison

18   officials who deliberately ignore the serious medical needs of inmates cannot claim that it was not

19   apparent to a reasonable person that such actions violated the law."), *overruled on other grounds*

20   *by Colwell v. Bannister*, 763 F.3d 1060 (9th Cir. 2014).  Here, plaintiff alleges that despite the

21   fact that he repeatedly informed defendant of his pain, she ignored him.  As such, qualified

22   immunity is not an appropriate basis to dismiss this suit at the current stage.

23          Accordingly, it is RECOMMENDED that defendant's motion to dismiss, ECF No. 35, be

24   denied.

25          These findings and recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27   after being served with these findings and recommendations, any party may file written

28   objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 4, 2024

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE