UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. MOORE, Jr., | Case No. 2:22-cv-01517-DJC-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION TO EFFECT SERVICE ON DEFENDANT SAGE |
| BUTTE COUNTY, *et al.*, | |
| Defendants. | |

Plaintiff, a former pretrial detainee, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 8, 2023, I directed the United States Marshal to serve several defendants, including defendant Sage. ECF No. 31. Plaintiff listed defendant Sage's address at the Well Path in Oroville. Process directed at defendant Sage was returned as unserved because defendant Sage is no longer an employee of Well Path and Well Path has no record of defendant Sage's current address. ECF No. 41. Accordingly, I ordered plaintiff to promptly seek information for defendant Sage's address through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available. ECF No. 49. I instructed plaintiff to complete and return to the court, within thirty days, the USM-285 form and summon, which are required to effect service on defendant Sage. *Id.* Plaintiff returned a completed USM-285, but it lists defendant Sage's address as Well Path again. ECF No. 51.

If a defendant is not served within ninety days after a complaint is filed, the court must,

after notice to the plaintiff, dismiss the action without prejudice. Fed. R. Civ. P. 4(m). While prisoners may rely on the U.S. Marshal's Office to serve a defendant, a district court may dismiss a prisoner's civil rights complaint for a failure to effect service when the prisoner fails to provide the U.S. Marshals with sufficient information to serve a defendant. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)); *Wilson v. Moreno*, No. ED-CV-14-513-JAK (DFM), 2016 WL 827702, at *5 (C.D. Cal. Feb. 8, 2016) ("Courts regularly dismiss actions for failure to make service under Fed. R. Civ. P. 4(m) when a plaintiff provides the USMS with an inaccurate or obsolete address for a defendant.").

Since defendant Sage is no longer a Well Path employee and Well Path does not have a current address for defendant Sage, I will not direct the Marshal to re-serve Well Path. Instead, I will grant plaintiff a final opportunity to provide an address or contact information for defendant Sage. Should plaintiff fail to do so, I will recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to send to plaintiff one USM-285 form with instruction.

2. Within thirty days from the date of this order, plaintiff shall complete and submit the attached Notice of Submission of Documents to the court, with the completed USM-285 form required to effect service on defendant Sage.

3. Failure to comply with this order and return the copies within the specified time period will result in a recommendation that this defendant be dismissed.

IT IS SO ORDERED.

Dated:   July 10, 2024                                    _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RAYMOND E. MOORE, JR., | Case No. 2:22-cv-01517-DJC-JDP (PC) |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| BUTTE COUNTY, *et al.*, | |
| Defendants. | |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

\_\_\_\_        completed USM-285 form

DATED:

3

1
2
3           _____
            Plaintiff
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4