UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. MOORE, Jr., | Case No. 2:22-cv-1517-DJC-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| BUTTE COUNTY, *et al.*, | |
| Defendants. | |

This civil rights action proceeds against defendant Shoemaker. On July 30, 2025, I recommended that defendant Sage be dismissed based on plaintiff's failure to effectuate service within the period prescribed by Federal Rule of Civil Procedure 4(m). ECF No. 68. I also notified plaintiff that there appeared to be an issue with defendant Shoemaker's service. *Id.* at 2. While recognizing that service for Shoemaker was returned as executed, *see* ECF No. 42, I explained that I was unsure whether service was properly effectuated. The USM checked the box indicating personal service but identified a Kerry Cox (RN) as the individual served. *See id.* Nothing on the service form indicates whether Cox was legally allowed to accept service on Shoemaker's behalf.

1

1  With that in mind, I gave plaintiff the option either to have the USM re-serve Shoemaker
2  or to seek Shoemaker's entry of default, *see* Fed. R. Civ. P. 55.  I told plaintiff that should he
3  wish to have the USM to re-serve Shoemaker, he must return the USM-285 form and a copy of
4  the second amended complaint within thirty days.  To date, plaintiff has not responded to the July
5  30 order, and this case has remained inactive.

6  The court has the inherent power to control its docket and may, in the exercise of that
7  power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*,
8  216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
9  comply with these Rules or with any order of the Court may be grounds for imposition by the
10 Court of any and all sanctions . . . within the inherent power of the Court.").  A court may dismiss
11 an action based on a party's failure to prosecute an action, failure to obey a court order, or failure
12 to comply with local rules.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
13 (dismissal for lack of prosecution and failure to comply with local rules).

14 Accordingly, it is hereby ORDERED that plaintiff shall show cause within fourteen days
15 of the date of this order why this action should not be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   November 18, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2