UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. MOORE, JR., | Case No. 2:22-cv-1517-DJC-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BUTTE COUNTY, *et al.*, | |
| Defendants. | |

On July 30, 2025, I notified plaintiff to a potential issue with defendant Shoemaker's service and directed him to either have the USM re-serve Shoemaker or seek her entry of default. ECF No. 68. Plaintiff did not respond to that order, therefore, on November 18, 2025, I ordered plaintiff, within fourteen days, (1) to show cause why this action should not be dismissed for his failure to prosecute and (2) to respond to the court's July 30, 2025 order. ECF No. 70. I also warned plaintiff that his failure to respond would constitute a failure to comply with a court order and would result in dismissal of this case. Plaintiff has not responded, and the time to do so has passed. Accordingly, dismissal is warranted.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

1

1 | Court of any and all sanctions . . . within the inherent power of the Court.").

2 | A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to prosecute and failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Plaintiff has failed to respond to a court order directing him to re-serve Shoemaker or seek entry of default. ECF No. 68. After plaintiff failed to comply with that order, the court ordered him to show cause why this action should not be dismissed for failure to comply with court orders and failure to prosecute. ECF No. 70. Plaintiff also failed to comply with that order. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all cut in favor of the sanction of dismissal. My warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement.[1] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff had adequate warning that dismissal could result from his noncompliance. Accordingly, I find that the balance of factors weighs in favor of dismissal.

---

[1] The November 18 order expressly warned plaintiff that his failure to comply with court orders would result in dismissal. ECF No. 70.

Accordingly, it is hereby RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to prosecute and failure to comply with court orders for the reasons set forth in the July 30, 2025 order.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 7, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE